IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01044-WYD-MJW

ALVARO J. ARNAL,

Plaintiff,

v.

ASPEN VIEW CONDOMINIUM ASSOCIATION, INC.,
a Colorado nonprofit corporation, and
ASPEN SNOWMASS CARE, INC. D.B.A. FIRST CHOICE PROPERTIES &
MANAGEMENT, INC., a Colorado corporation,

Defendants.

---

**ORDER REGARDING
PLAINTIFF'S MOTION TO COMPEL (DOCKET NO. 29)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

        This matter is before the court on Plaintiff's Motion to Compel (docket no. 29).

The court has reviewed the subject motion (docket no. 29), the response (docket no.

34), and the reply (docket no. 35).  In addition, the court has reviewed, *in camera*, the

disputed documents which were filed with this court under restricted access Level 2 per

this court's minute order dated November 18, 2015 (docket no. 36).  See disputed

restricted access documents and Defendant's privilege log (docket no. 37).  Lastly, the

court has taken judicial notice of the court's file and has considered applicable Federal

Rules of Civil Procedure and case law.  The court now being fully informed makes the

following findings of fact, conclusions of law and order.

2

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.     That I have jurisdiction over the subject matter and over the parties

to this lawsuit;

2.     That venue is proper in the state and District of Colorado;

3.     That each party has been given a fair and adequate opportunity to

be heard;

4.     That Rule 26(b)(1) of the Federal Rules of Civil Procedure defines

the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of
> discovery is as follows: Parties may obtain discovery
> regarding any nonprivileged matter that is relevant to
> any party's claim or defense and proportional to the
> needs of the case, considering the importance of the
> issues at stake in the action, the amount in
> controversy, the parties' relative access to relevant
> information, the parties' resources, the importance of
> the discovery in resolving the issues, and whether the
> burden or expense of the proposed discovery
> outweighs its likely benefit.  Information within this
> scope of discovery need not be admissible in
> evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  However, "a party's right to obtain

3

discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."  Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004).  "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ."  Id.  See Fed. R. Civ. P. 26(c);

5.      That "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."  Fed. R. Civ. P. 26(b)(3)(A).  However, subject to Rule 26(b)(4), "those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1): and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."  Fed. R. Civ. P. 26(b)(3)(A);

That "[i]f the court orders discovery of those materials, it must

4

protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B);

6.  That the disputed restricted access documents were submitted to this court timely both in redacted and unredacted form so that this court could compare, *in camera*, what information was provided in a given disputed document and what information was not provided to the Plaintiff.  This court has now reviewed and compared such disputed documents in both redacted and unredacted form along with the Defendant's privilege log.  This court notes that the Defendant's privilege log outlines, with specificity, the legal [evidentiary] basis for each disputed document as to why Defendant did not turn over such disputed document or portions of such disputed document; and

7.  That each of the evidentiary objections as outlined in the Defendant's privilege log (docket no. 37 - exhibits A and B) are sustained.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1.  That  Plaintiff's Motion to Compel (docket no. 29) is **DENIED**;

5

2.     That the disputed documents (docket no. 37) that were filed with

this court in both redacted and unredacted form for *in camera*

review shall remain under restricted access at Level 2 until further

Order of Court; and

3.     That each party shall pay their own attorney fees and costs for this

motion.

Done this 3rd day of December 2015.


BY THE COURT


s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE