**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-01044-WYD-MJW

ALVARO J. ARNAL,

    Plaintiff,

v.

ASPEN VIEW CONDOMINIUM ASSOCIATION, INC., a Colorado nonprofit corporation, and ASPEN SNOWMASS CARE, INC. D.B.A. FIRST CHOICE PROPERTIES & MANAGEMENT, INC., a Colorado corporation,

    Defendants.

_____

**PLAINTIFF'S RULE 72 OBJECTIONS TO ORDER OF DECEMBER 3, 2015**
_____

Plaintiff, Alvaro J. Arnal ("Plaintiff") by and through undersigned counsel, hereby respectfully asserts the following Fed.R.Civ.P. 72[1] objections to the magistrate judge's order of December 3, 2015, denying his Motion to Compel.

**STANDARD OF REVIEW**

"The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a).

**INTRODUCTION**

Plaintiff asserts that the magistrate judge clearly erred and/or ruled contrary to law by allowing Defendants Aspen View Condominium Association, Inc. ("AVCA") and Aspen Snowmass Care, Inc. D.B.A. First Choice Properties & Management, Inc.

---

[1] *See also* 28 U.S.C. § 636(b)(1)(A).

("FCP") to withhold information essential to Plaintiff's case on the basis of the "HIPAA Privacy Rule," by failing to rule on Plaintiff's request to compel disclosure of key witness information, by failing to rule on Plaintiff's request that Defendant FCP be compelled to disclose its insurance policy and by failing to specifically address any of the 155 objections raised by Defendants before ruling that "each of the evidentiary objections" was sustained.  (Doc. 38). [2]

## BACKGROUND

This action arises under federal and state fair housing laws.  At issue are fair housing rights born of a residential lease agreement extended by Plaintiff to a tenant with a disability.  Plaintiff alleges that Defendants engaged in housing discrimination by, among other things, refusing to allow his tenant to keep her service dog on the premises as a reasonable accommodation of her disability, imposing fines against him and placing a lien on his property for exercising his civil rights and supporting the civil rights of his tenant.

On August 5, 2015, Defendants provided their initial disclosures.  On August 19, 2015, they provided their responses to Plaintiff's First Requests for Production. The documents were replete with redactions.  After undersigned counsel contested the withholdings, defense counsel provided two privilege logs on September 28, 2015, entitled: *Redactions in Disclosed Documents*, which referenced some but not all of the redacted documents, and *Withheld Documents Due to Attorney-Client Privilege.* The first log identified documents from which information was purportedly redacted on the

---

[2] Undersigned counsel contacted defense counsel on December 7, 2015, to advise of this appeal and request the outstanding information in an effort to obviate the need for court intervention.  Defense counsel reiterated Defendants' position that Plaintiff is not entitled to the documents requested in his Motion to Compel.

2

basis of the "HIPAA Privacy Rule," "attorney-client communication" and "attorney work product," while the second log identified documents purportedly withheld on the basis of attorney-client privilege.  After multiple efforts to reach an agreement with defense counsel regarding the outstanding documents failed, Plaintiff filed a Motion to Compel (Doc. 29), requesting that the court order Defendants to provide unredacted copies of information to which Plaintiff was entitled, disclose key witness information and provide a copy of FCP's insurance policy.

On November 18, 2015, the magistrate judge issued a minute order directing defense counsel to file a copy of Defendants' privilege log along with the redacted and unredacted documents at issue.  On November 25, 2015, defense counsel filed an *amended* privilege log and documents under Level 2 restriction.  On December 3, 2015, the magistrate judge issued an order denying Plaintiff's Motion to Compel and sustaining "each of the evidentiary objections as outlined in Defendants' privilege log (docket no. 37 – exhibits A and B)."  The magistrate judge's order did not address Plaintiff's requests that Defendants be ordered to disclose key witness information or provide a copy of Defendant's FCP insurance policy.

I.      **THE "HIPAA PRIVACY RULE" IS INAPPLICABLE HERE**

Pursuant to their privilege logs dated September 23, 2015, Defendants identified at least 24 documents or groups of documents from which they redacted information in whole or part pursuant to the "HIPAA Privacy Rule."  (*See, e.g.* doc. 29 at exhibit G). The amended privilege log they provided to the court on November 25, 2015, identified at least 19 documents or groups of documents from which they redacted information in whole or part pursuant to the "HIPAA Privacy Rule."  In his order dated December 3,

3

2015, the magistrate judge "sustained" all of Defendants' objections to disclosure, including Defendants' assertions that the "HIPAA Privacy Rule" served as a basis upon which to withhold what is arguably the most essential information in Plaintiff's case, despite Defendants' failure to address Plaintiff's argument against the applicability of HIPAA in their Response. (Doc. 34). In doing so, the magistrate judge committed clear error.

In Plaintiff's Motion to Compel, undersigned counsel argued that the Health Insurance Portability and Accountability Act of 1996 ("HIPAA")[3] is inapplicable to the instant case. Defendants are not "covered entities" as defined by HIPAA. 45 C.F.R. § 160.103. HIPAA, therefore, does not afford Defendants a basis upon which to withhold information. Consequently, Plaintiff is entitled to all of the information Defendants withheld on the basis of the HIPAA Privacy Rule.

In enacting HIPAA, "[C]ongress mandated the establishment of national standards for protection of the privacy of individually identifiable health and medical information. *Royce v. Veteran Affairs Regional Office*, 2009 WL 1904332, at *5 (D.Colo. July 1, 2009). Under HIPAA, "'[a] covered entity may not use or disclose protected health information, except as permitted or required by [specific provisions of HIPAA].'" *Id.* (quoting 45 C.F.R. § 164.502(a)). "Covered entity" is defined as:

(1) A health plan;

(2) A health care clearinghouse;  or

(3) A health care provider who transmits any health information in electronic form

in connection with a transaction covered by this subchapter. 45 C.F.R. § 160.103.

---

[3] Codified at 42 U.S.C. § 300gg and 29 U.S.C. § 1181 *et seq.* and 42 U.S.C. § 1320d *et seq.*

4

Neither Defendant is a "covered entity." Defendant AVCA is the homeowners' association that governs Aspen View Condominiums, the "no-dogs" residential property at issue here, and Defendant FCP is a management company that manages that residential property.

In *Stonebarger v. Union Pacific Corporation*, 2014 WL 3579374, at *6 (D.Kan. July 21, 2014), the court overruled Defendant's objection to producing the results of physical or other health tests on the basis that the request "violates certain HIPAA laws," because "[t]he privacy rule of [HIPAA] does not directly regulate employers or other plan sponsors that are not covered entities." *Id.* For an entity to be subject to HIPAA, the court held, it must be:

> (1) a health plan; (2) a health care clearinghouse; or (3) a health care provider who transmits any health information in electronic form in connection with a transaction covered by HIPAA. *Id.*

Likewise, in *Ehrlich v. Union Pacific Railroad Co.*, 302 F.R.D. 620, 628 (D.Kan. 2014), the court, relying on *Stonebarger,* found that Defendant Union Pacific Railroad Company, did not have "standing or basis to object to production of the documents based upon HIPAA" because the parties seeking to invoke "the privacy rule" of HIPAA were "not HIPAA covered entities." There, the court held "that for an employer to be subject to HIPAA, it must be:

> (1) a health plan; (2) a heath care clearinghouse; or (3) a health care provider who transmits any health information in electronic form in connection with a transaction covered by HIPAA." *Erlich*, 302 F.R.D. at 628.

The court further found that "Defendant has no standing or basis to object to production of the documents based on HIPAA. And even if Defendant, as an employer, was a covered entity under HIPAA, it would be permitted to disclose its employees' health

information in response to discovery requests where a qualifying protective order[4] is in place." *Id; see also Windsor v. Aasen*, 2009 WL 5184170, *1 (D.Colo. Dec. 18, 2009) ("HIPAA expressly contemplates that otherwise protected health information may be disclosed in the course of a judicial proceeding without prior consent of the patient.") (citing 45 C.F.R. § 164.512(e)).

In *Weatherspoon v. Provincetowne Master Owners Association, Inc.*, 2010 WL 936109, at *4 (D.Colo. March 15, 2010), the law firm currently representing Defendants sought medical records in a fair housing case from a Plaintiff who attempted to withhold such documents on the basis of HIPAA. This court, citing 45 C.F.R. § 164.502(a), found that "Plaintiff's argument regarding HIPAA [had] no merit," because while HIPAA served to prohibit "[a] covered entity" from disclosing "protected health information," it did not serve as a basis upon which Plaintiff could withhold medical information from Defendants. Other courts in this district have also rejected the argument that HIPAA provides a basis to withhold otherwise discoverable information. *See, e.g., Edmond v. Clements*, 2013 WL 2029589, at *2 (D.Colo. May 14, 2013); Lobato v. Ford, 2007 WL 3342598, at *4 (D.Colo. Nov. 9, 2007). Undersigned counsel's research has uncovered no cases in this district that hold otherwise.

Plaintiff is entitled to all of the information withheld by Defendants on the basis of the "HIPAA Privacy Rule." Defendants are not "covered entities" and the essential information sought by Plaintiff is otherwise discoverable. Moreover, Defendants did not dispute Plaintiff's argument regarding the inapplicability of HIPAA in their Response to

---

[4] For the record and as noted in Plaintiff's Motion to Compel (Doc. 29 at 7), defense counsel has repeatedly ignored Plaintiff's offer to stipulate to the issuance of a protective order with regard to any sensitive medical information Defendants may have gathered to assess requests for accommodation for reason of disability.

6

Plaintiff's Motion to Compel. (Doc. 34). "Objections initially raised but not supported in response to the motion to compel are deemed abandoned." *Schmitz v. Davis*, 2011 WL 1627010, at *2 (D.Kan. April 28, 2011). The magistrate judge committed clear error in sustaining Defendants objections pursuant to the "HIPAA Privacy Rule."

## II.   INITIAL DISCLOSURE REQUIRED BY Fed.R.Civ.P. 26(a)(1)(A)(i)

Defendants refuse to name and fully disclose contact information for a key witness as mandated by Fed.R.Civ.P. 26(a)(1)(A)(i). In *Defendants' F.R.C.P. Initial Rule 26(a)(1) Disclosures*, they identify a key witness as follows:

> Arthur Phillips'[5] daughter (name unknown, but will supplement once information is obtained), 326 Midland Avenue, Unit 208, Aspen, Colorado 81611, phone number unknown. Mr. Phillips' daughter is a resident in the Association. She requested, and received, approval from the Association for her assistance dog after full submission of all requested documents by the Association. She has knowledge concerning her communications with the Association and the documentation she provided to the Association pursuant to her request for Association approval of her assistance.

Though Defendants initially indicated an intention to supplement their initial disclosures to identify this witness, they now refuse to do so. In his Motion to Compel, Plaintiff asserted that the liberal standard of relevance established by the Federal Rules of Civil Procedure includes not only substantive information, but also the identity of those who may have it:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. Fed.R.Civ.P. 26(b)(1).

---

[5] Upon information and belief, Arthur Phillips is a current or recently replaced member of AVCA's Board. (*Defendants' F.R.C.P. Initial Rule 26(a)(1) Disclosures*).

In his Complaint, Plaintiff alleges that he rented his residential property to a disabled person who uses a service dog. (Doc. 1 p. 9, ¶ 42). He informed Defendants of his tenant's use of a service dog and requested an exception to AVCA's no-dog policy as a reasonable accommodation of her disability. (*See, e.g.*, doc. 1 at 7, ¶ 33). He alleges that even after he and his tenant submitted to a 45 minute interview by two of AVCA's Board members (Doc. 1, at 11-12, ¶¶ 47-52), presented the service dog's certification card (Doc. 1 at 11, ¶ 50), provided a note from the tenant's doctor (Doc. 1 at 14, ¶ 58), and offered a medical release that would allow Defendants to confer with Canine Support Teams (the service animal provider) and otherwise access the tenant's medical information (Doc. 1 at 13, ¶ 55), among other things, Defendants deemed the request for reasonable accommodation insufficiently supported and demanded "eviction of the dog." (Doc. 1 at 13, ¶ 56). He further alleges that even after his tenant provided a second doctor's note (Doc. 1 at 15-16, ¶¶ 62-63) and vacated the premises, Defendants fined him and placed liens on his property on the basis that he allowed his renter to reside in his property without producing "reliable documentation" of her need for the service dog (Doc. 1 at 17, ¶¶ 65-66).

Given the allegations in Plaintiff's Complaint, there can be no legitimate dispute that the daughter of AVCA Board member Arthur Phillips, the only person Defendants identify as having requested and received the reasonable accommodation of a service dog on the premises, is a relevant witness in Plaintiff's case. Plaintiff has the right to learn the identity of this witness, depose her and compare the process of consideration to which she was subjected by Defendants versus that to which he and his tenant were subjected by Defendants. In his Motion to Compel, Plaintiff requested that the

magistrate judge compel the disclosure of "Arthur Phillips' daughter" pursuant to Fed.R.Civ.P. 26(a)(1)(A)(i).  The magistrate judge did not address the request in his order of December 3, 2015.  The magistrate judge's failure to rule on the issue constitutes clear error.  *See Kovacs v. Hershey Company,* 2006 WL 2781591, at *7 (D.Colo. September 26, 2006) (finding clear error where magistrate judge failed to address issues raised in a motion to compel).

### III.     DISCLOSURES REQUIRED BY Fed.R.Civ.P. 26(a)(1)(A)(iv)

As asserted in Plaintiff's Motion to Compel, Federal Rule of Civil Procedure 26(a)(1)(A)(iv) requires that parties provide "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."  A party is obligated to make such insurance agreements available as part of its initial disclosures.  *Id.*  Defendant FCP refuses to disclose a copy of its insurance policy to Plaintiff.

The rule requiring the disclosure of insurance policies "is absolute . . . and does not require any showing of relevance."  *Government Benefits Analysts, Inc. v. Gradient Insurance Brokerage, Inc.*, 2012 WL 3292850, at *2 (D.Kan. August 13, 2012).  "Rule 26(a)(1)(A)(iv) and the Advisory Committee Notes following it make it clear that the Rule is to be interpreted broadly, with an emphasis on disclosure.  Under this interpretation, the phrase 'may be liable' is crucial. The Rule does not require that the insurer in fact be liable to satisfy any part of the judgment or to indemnify for payments made in satisfaction of the judgment." *Id.*  The plain and unconditional language of Rule 26(a)(1)(A)(iv) is such that Plaintiff is entitled to unredacted copies of both AVCA's and FCP's insurance policies.  The magistrate judge failed to rule on the request in his order

9

of December 3, 2015.  His failure to do so constitutes clear error.  *See Kovacs,* 2006 WL 2781591, at *7.

### IV. <u>PLAINTIFF IS ENTITLED TO UNREDACTED INFORMATION WITHHELD WITHOUT PROPER BASIS</u>

Defendants redact or wholly withhold 155 documents or groups of documents from the discovery process.  In Defendants' privilege logs of September 23, 2015, Defendants invoke the "attorney work product" privilege as a basis to withhold information in at least twenty-two documents or groups of documents and cite "attorney client communications" as the basis to redact or withhold at least 114 relevant documents or groups of documents from Plaintiff.  In addition, as addressed above, they redact or completely withhold information in another 19 documents or groups of documents pursuant to the "HIPAA Privacy Rule.  Outstanding information redacted by Defendants or withheld altogether fall within the following categories:

   a. Email communication between AVCA's Board members
   b. Email communication between AVCA's Board and FCP
   c. Email communication between AVCA's Board and residents
   d. Email communication between AVCA, its former attorney and third parties
   e. Documents in which "Arthur Philips' daughter" is referenced
   f. Reasonable accommodation questionnaire completed by or on behalf of "Arthur Phillips' daughter"

After repeatedly and unsuccessfully attempting to obtain the outstanding information to which she believes Plaintiff is entitled from defense counsel, undersigned counsel filed a Motion to Compel.  "When a party files a motion to compel and asks the court to overrule certain objections, the objecting party **must specifically show in its response how each discovery request is objectionable**."  *Schmitz,* 2011 WL 1627010, at *2 *(*emphasis added).  Defendants failed to do so.  (Doc. 34).  Despite that failure, the magistrate judge sustained "each of the evidentiary objections outlined in the

10

Defendant's [sic] privilege log (docket no. 37 – exhibits A and B)" without specifically addressing or otherwise providing any analysis to sustain the at least 155 objections raised by Defendants.  In doing so, the magistrate judge committed clear error.

## V.     PLAINTIFF IS ENTITLED TO REASONABLE EXPENSES INCURRED

Federal Rule of Civil Procedure 37(a)(5)(A) provides that "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney fees." Plaintiff hereby renews his request for the payment of reasonable expenses incurred as a result of having to make this Motion pursuant to Fed.R.Civ.P. 37(a)(5)(A) and file the objections raised herein.

## CONCLUSION

Plaintiff respectfully requests that this court set aside the magistrate judge's order of December 3, 2015 and compel Defendants to:

(1) Supplement their Initial Disclosures to comply with Fed.R.Civ.P. 26(a)(A)(i) as it applies to the witness identified as "Arthur Phillips' daughter";

(2) Provide unredacted, _paper_ copies of all redacted documents provided to date and any and all documents improperly withheld due to the misapplication of the "HIPAA Privacy Rule," attorney work product and attorney-client privileges;

(3) Provide unredacted copies of any and all insurance policies in accordance with Fed.R.Civ.P. 26(a)(1)(A)(iv);  and

11

(4) Pay the reasonable expenses, including attorney fees and costs, incurred in making this motion pursuant to Fed.R.Civ.P. 37(a)(5)(A).

Dated:  December 10, 2015.

>Respectfully Submitted,
>
>*s/ Phyllis A. Roestenberg*
>Phyllis A. Roestenberg
>Law & Mediation Office of Phyllis A. Roestenberg, Esq.
>217 East 7th Avenue
>Denver, Colorado 80203-3504
>Telephone: (303) 955-8417
>E-mail: PARoestenberg@gmail.com
>Attorney for Plaintiff Alvaro Arnal

## Certificate of Service

       I hereby certify that on December 10, 2015, I electronically filed the foregoing **PLAINTIFF'S RULE 72 OBJECTIONS TO ORDER OF DECEMBER 3, 2015** with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

Debra J. Oppenheimer
Attorney for Defendants

J. Kevin Bridston
Attorney for Counterclaimant, AVCA

Sean M. Hanlon
Attorney for Countreclaimant, AVCA

                                         By: s/ *Phyllis A. Roestenberg*