IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-1044-WYD-MJW

ALVARO J. ARNAL,

    Plaintiff,

v.

ASPEN VIEW CONDOMINIUM ASSOCIATION, INC.;
ASPEN SNOWMASS CARE, INC., d/b/a FIRST CHOICE PROPERTIES &
MANAGEMENT, INC.,

    Defendants.

_____

**ORDER ON MOTION TO DISMISS COUNTERCLAIMS**
_____

I.    <u>INTRODUCTION AND BACKGROUND</u>

THIS MATTER is before the Court on Plaintiff's Motion to Dismiss Counterclaims (ECF No. 9), filed on July 7, 2015.   The matter is fully briefed.

This matter arises out of a dispute surrounding the presence of a tenant's service dog on the premises of a condominium development that has a no-dog policy.   Plaintiff is a joint-owner of one of eighteen condominium units within the Aspen View Condominiums in Aspen, Colorado.   Pl.'s Compl., ¶ 25.   The property is managed by Defendant First Choice Properties ("FCP").   *Id.* at ¶ 23.   The premises are governed by the bylaws, rules, and policies promulgated by the Aspen View Condominium Association ("AVCA") Board of Managers (the "Board").   *Id.* at ¶ 26.   Under these rules and regulations, dogs are not permitted on the premises.   *Id.* at ¶ 28.   In September of 2013, Plaintiff decided to vacate his unit and rent it to a tenant who required the use of a service dog to cope with

her periodic seizures (the "tenant"). *Id.* at ¶¶ 29-32. He notified FCP of his intent to rent his unit to the tenant with a service dog. *Id.* at ¶ 33. In November of 2013, Plaintiff entered into a written lease agreement with the tenant. *Id.* at ¶ 42. The tenant took possession of the unit sometime after November 13, 2013. Def.'s Counterclaim, ¶ 21. The Board adopted a new policy with procedures for considering service animals on the premises, and sent that policy to Plaintiff on December 24, 2013. *Id.* at ¶ 22. The parties dispute the details regarding the nature of their communications between October of 2013 and March of 2014, and whether the Board's requests for information were reasonable under federal guidance from the U.S. Department of Housing and Urban Development ("HUD"). The tenant vacated the rented unit on or around March 31, 2014. Pl.'s Compl., ¶ 63. In April of 2014, Defendants notified Plaintiff of a resolution to impose fines, fees, and costs against Plaintiff for failure to provide adequate documentation of the tenant's need for a reasonable accommodation for the service animal, and for allowing the service animal to reside in the unit without authorization. Def.'s Counterclaim, ¶¶ 47-49. Defendants filed a lien against Plaintiff's property in June of 2014. *Id.* at ¶ 50.

Plaintiff initiated this suit in May of 2015, asserting claims of discrimination and retaliation under the Fair Housing Amendments Act of 1988 ("FHA") at 42 U.S.C. §§ 3601-3619, and interference with contract. Defendants filed counterclaims against Plaintiff, asserting claims for 1) breach of covenants; 2) breach of contract; 3) breach of the implied duty of good faith and fair dealing; and 4) declaratory relief. Plaintiff filed this motion to dismiss Defendant's counterclaims, arguing that each claim is based on its

- 2 -

newly adopted policy for service animal accommodations, which Plaintiff claims is illegal both on its face and as applied in this case.   As Plaintiff asserts in his reply to this motion, he does not seek a factual determination by the Court in this motion to dismiss.   Instead, he seeks a dismissal of Defendants' counterclaims based on the affirmative defense of illegality.

II.     ANALYSIS

A motion to dismiss tests the sufficiency of a complaint.   *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).   Under Fed. R. Civ. P. 12(b), a defendant may raise an affirmative defense in a motion to dismiss for the failure to state a claim.   If the defense appears plainly on the face of the complaint itself, the motion may be disposed of under this rule.   But if the affirmative defense is based upon matters outside the complaint, and is raised by a motion under Rule 12(b), then the court must consider the motion as one for summary judgment under Rule 56 in order to consider evidentiary matters outside the complaint.   *See Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965) (finding that the affirmative defense of *res judicata* was not supported by facts that appeared plainly on the face of the complaint); *see also Shepherd v. Am. Numismatic Ass'n, Inc.*, 2014 WL 4548724, at *1 (D. Colo. Aug. 27, 2014) *report and recommendation adopted*, 2014 WL 4548726 (D. Colo. Sept. 15, 2014) (finding that that the affirmative defense of statute of limitations could be determined by facts asserted on the face of the complaint).   Thus, in considering an affirmative defense in a motion to dismiss, the Court cannot consider evidence outside the complaint without converting it into a summary judgment motion.

The Court may only consider that which is "plainly on the face of the complaint itself." *Miller*, 345 F.2d at 893.

Here, the operative complaint is the Defendants' counterclaim. The affirmative defense of illegality does not appear plainly on the face of the counterclaim. The counterclaim contains several assertions of disputed fact about communications between the parties, requests made by Defendants for documentation, and the reasonableness of Defendants' requests. In order to rule on Plaintiff's affirmative defense, I would need to consider outside evidence to determine the policy's legality, namely the policy itself. I would also need to analyze the policy's provisions in light of applicable federal guidance documents from both HUD and the Department of Justice. None of these considerations appear on the face of the Defendants' counterclaim. Under prevailing law, I cannot make a determination about the policy's legality without converting this motion into a motion for summary judgment.

Accordingly, notice is hereby given that Plaintiff's motion to dismiss shall be converted into a motion for summary judgment. Any party who wishes to submit additional materials for the Court to consider in connection with the motion for summary judgment shall do so by Monday, February 15, 2016.

III.   CONCLUSION

Based on the foregoing, it is

ORDERED that Plaintiff's Motion to Dismiss Counterclaims (ECF No. 9) is **CONVERTED to a Motion for Summary Judgment**. Any party who wishes to submit

additional materials for the Court to consider in connection with the Motion for Summary Judgment shall do so by **Monday, February 15, 2016**.

Dated: February 4, 2016.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE